**STATE, Plaintiff-Appellee v. JONES et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3701.   Decided June 27, 1944.

Ralph J. Bartlett, Pros. Atty., Forrest F. Smith and Henry L. Holden, Asst. Pros. Attys., Columbus, for plaintiff-appellee. Robert R. Shaw, Columbus, for defendants-appellants.

## OPINION

BY THE COURT:

This is an appeal from the judgment of the trial court sentencing the appellants to the Penitentiary on the verdict of the jury finding them guilty of highway robbery.

The assignments of error are as follows:

(1) The Court erred in overruling the motion of the defendants for a directed verdict.

(2) The verdict of the jury is against the manifest weight of the evidence.

Three men, Lorenzo Jones, Allen Davis and Tommy Rawlinson, were indicted on the charge of robbery. There were two counts to said indictment. The first count was to the effect that the three, on or about the 9th of June, 1943, unlawfully and by force and violence and by putting in fear robbed Patty Reynolds of money in the amount of $44.00. The second count of the indictment states that the three above named on or about the 12th of June, 1943, unlawfully and by force and violence and by putting in fear robbed Max Creck of money to the amount of $110.00.

Before the trial the State nollied the first count and Rawlinson plead guilty on the second count. The other two were tried and found guilty. The defendants standing trial each denied that he had anything to do with robbing Max Creck. Counsel for appellants state in their brief that the Prosecuting Attorney's office took the position that all three of the men were guilty, arising out of the conspiracy which resulted in Davis procuring the victim for a ride, Rawlinson, driving the car, and Jones committing the act of robbery. Counsel states, "The evidence brought out by the State of Ohio will confirm this contention". This is a definite concession by defendants as to the quality of the evidence.

We will not attempt to recite the facts developed by the testimony in this case except to state briefly that the three named were members of the same labor union of the American Federation of Labor. On the night in question an election was taking place at the Union Hall, and the three defendants and Creck were present at the election, remaining at the Hall for some time, during which time each drank an uncertain quantity of beer and whiskey. Creck lived in the northern suburbs of Columbus and Davis lived near Worthington.

The parties, with the exception of Creck, had been friends for several years and frequently were hauled by either who was operating his automobile to his place of employment. On the night in question, the car that had been formerly used for

that purpose was out of commission and Jones made inquiry as to whether they could secure transportation to their several places of residence. A car was secured driven by Rawlinson. In their journey northward they passed over a number of different streets going northward, and cross streets east and west. They finally arrived at a point where the four parties in the automobile got out of the automobile for some activities by the roadside. During the course of the driving northward some complaint was made by those who lived in the northern section of the county that the car was not being driven in the direction of the destination sought. After the roadside delay Jones was instructed to drive Creck to his place of residence. He started to do this, but failed, giving as his excuse that Creck was too drunk to give him proper directions and Jones finally returned to the point where he had left the two other men. Jones and Creck got out of the car and while Creck was in conversation with Jones in reference to securing gas which Jones claimed was exhausted, it is claimed that somebody struck him (Creck) on the side of the jaw and that he fell unconscious to the ground; that when he recovered sufficiently to arise he discovered that money in the sum of $110.00 which he had in his shirt pocket, secured by a safety pin, was gone, and that the three other men had left the spot and Creck was compelled to walk to his home which was about five miles from the point where he claims he had been struck.

The evidence is rather hazy in reference to the transportation of Creck and there is no very clear evidence that there was a conspiracy to take Creck for a ride and rob him during the process of carrying him to his home.

A strange thing occurred in that Rawlinson plead guilty, giving as his reason therefor that he was advised that he would be guilty if he hauled Creck prior to the robbery. Of course this seems a rather poor excuse as he would not have been guilty simply because he furnished the transportation unless he also participated actively or was in the conspiracy to the robbery.

All the men testified, not clearly, but substantially, sustaining the claim of the State. After the State had introduced its evidence the defendant moved for an instructed verdict, which the Court overruled. The defendants then offered their testimony, and the jury found the two that were on trial, guilty.

We are frank to say that the State's claim is rather weak. The one point that so impresses us is that the testimony showed that Creck had his money in a rather large sum in his outside shirt pocket, the flap being turned down and secured

by a safety pin. After they had gone to the meeting of the Union and had participated in the voting, Creck testified that he examined his money and it was still in the pocket where he had placed it. However, there is no direct testimony other than that, that Creck had the money on his person at the time of the alleged assault. He participated in several rounds of drinking. There was ample opportunity for not only those charged with robbery, but for others, not otherwise involved, to have discovered the resting place of the money and to have secured it by pocketpicking before the ride homeward was begun.

We are asked to set aside the judgment of the Court on the ground that the Court erred in overruling the motion to instruct a verdict. On this point, we have no doubt, and that assignment of error will be overruled.

We are of the opinion that we would not be justified in setting aside this verdict on the ground that it was against the manifest weight of the evidence. All the members involved were intoxicated to a degree that they could not clearly visualize the facts testified to, but there was enough evidence to justify the jury in finding the defendants guilty. We may not set aside the verdict as against the weight of the evidence unless the entire membership of the court concurs. This is an indication that the Legislature does not look with favor on the setting aside of a verdict as against the weight of the evidence unless it is so manifestly against the weight that three Judges would concur. Such concurrences cannot be secured and we have only the alternative of overruling both assignments of error, affirming the judgment and remanding the case to the Court below.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

## APPLICATION FOR REHEARING

Decided July 12, 1944.

BY THE COURT:
This matter comes on for hearing upon as application for rehearing of Robert R. Shaw, Attorney for Defendants-Appellants.

Counsel have presented no reason which appeals to us for changing our opinion as recently announced.

Application overruled. Cause remanded.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.